William R. HAWTHORNE

v.

HOLLAND–AMERICA LINE (Neder-landsch-Amerikaansche Stoom-vaart-Maatschappij N.V.)

Civ. A. No. 57–160–A.

United States District Court
D. Massachusetts.

April 2, 1958.

Gael Mahony, Brooks Beck, Hill, Barlow, Goodale & Adams, Boston, Mass., for plaintiff.

Seymour P. Edgerton, Robert J. Hallisey, Bingham, Dana & Gould, Boston, Mass., for defendant.

ALDRICH, District Judge.

On August 16, 1956, in mid-Atlantic, the plaintiff, a passenger bound east on board the S.S. Nieuw Amsterdam, was caught and injured in a watertight door while trying to join his wife and daughter during an unannounced test, or drill. He brought suit in this court, and the jury having found for the defendant, moves for a new trial on the ground that the verdict was against the weight of the evidence. I am faced at the outset by a question of jurisdiction. The plaintiff is a British citizen; the defendant, a Dutch corporation. The plaintiff did not proceed in admiralty, where there would have been discretionary jurisdiction, see Canada Malting Co. v. Paterson Co., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837, but brought suit on the law side of the court. He asserts jurisdiction under 28 U.S.C.A. §§ 1331 and 1333. I must say that if the matter were of first impression it might give difficulty. Cf. Paduano v. Yamashita K.K.K., 2 Cir., 221 F.2d 615. Plaintiff relies, however, upon Doucette v. Vincent, 1 Cir., 194 F.2d 834. That case involved a cause of action between two

838

Massachusetts citizens, arising in territorial waters. In view of the fact that plaintiff's voyage here was pursuant to a Massachusetts contract, or ticket, I do not feel it is open to me to seek to distinguish the broad language of Judge Magruder in Doucette.

■■ The jury found, in answer to a special question, that the plaintiff was himself negligent. It could not be said that this finding was unsupported. By his own testimony, before the plaintiff tried to pass through the sliding door, the steward, standing between him and the door, had told him that it was only a test, and had attempted to prevent his passing. The plaintiff saw the door was already half closed, and moving automatically. He is an engineer of competence and experience, and must have appreciated the danger. No matter how rightfully he may have been upset by circumstances to be discussed infra, I could not say that the jury was unwarranted in finding his persistence, in disregard of instructions, to be lacking in due care.

In the light of this finding the defendant points to a provision in the ticket that it should not be liable for any injury to which the passenger's own negligence contributed. This would dispose of the present matter except for 46 U.S.C.A. § 183c, which makes unlawful any provision purporting, in the case of bodily injury to a passenger due to the negligence of the shipowner, "to relieve such owner, master, or agent from liability * * * or * * * to lessen * * * the measure of damages therefor." The ticket purports to limit the ordinary admiralty rule prorating damage for personal injury in proportion to the respective negligence of the parties. No reported case has passed on whether an agreement that there shall be no recovery if the passenger is contributorily negligent contravenes the statute. Logically, I can see no reason for making such an exception.

■ I come, therefore, to the question of whether the jury could reason-

ably have found that the defendant was itself free of negligence, or at least of negligence having a causal connection with the accident. The test started at 10:30 A.M. with a loud, continuous ringing of bells. There had been no prior warning. Significantly, there had been an announcement of a previous boat drill. The plaintiff and his sixteen year old son were in their cabin. They observed a notice on the door which said that continuous ringing of bells meant fire. The plaintiff testified he thought there was an emergency. This seems an obvious conclusion. He went out into the corridor and started for his wife's cabin, which was 50 feet further aft. Between him and her door he observed the cabin steward, standing by a watertight door which was slowly closing off the corridor. He asked the steward, and was told it was simply a test. At the same time he observed his wife and seven year old daughter on the far side of the door. The daughter was crying and his wife looked alarmed. He pushed by, or around, the steward, in an attempt to get through the door and join them. Instead, the door closed on him, breaking several ribs, and inflicting other injuries, before the steward effected the emergency release.

One of the counts in the complaint asserts slow or improper conduct on the part of the steward. On this the plaintiff's evidence did no more than raise a question of fact. The pressure on the leading edge of the door was 200 lbs. per square inch, and if the steward had been as remiss as plaintiff's testimony suggests, which the steward denies, I would have expected far more injury. It could not be said that the jury's verdict on this count was against the weight of the evidence.

■ The other count alleges negligence in failure to give advance notice of the test. The defendant answers that the presence of the steward at the door was warning enough. In normal instances that might well have been so. And, in point of fact, the steward did advise the plaintiff before he tried to

pass through. The plaintiff's contention is that he felt his wife had not been informed, and that his purpose was to keep her from getting hurt. His case, in other words, is predicated on the doctrine that danger invites rescue.

Assuming, for the sake of argument, that the defendant must be found negligent in not warning the plaintiff's wife, the question would be, did this cause the accident? If I felt that the evidence compelled a finding that the plaintiff believed, even somewhat unreasonably, cf. Restatement, Torts, § 443, Comment (b), that it was necessary for him to go through the doorway in order to stop her from trying to do so, I would be greatly tempted to set aside the verdict. However, I do not so find. It is true that this was the plaintiff's testimony. But on a motion for a new trial the record must be regarded as a whole. With all deference to the plaintiff, it is possible the jury may have felt that with the passage of time his exact memory of events may have clouded. In a statement written the day of the accident he said, "The doors started to close. * * * I saw my wife coming towards them and rushed to get through myself."[1] It is significant that no other witness testified that the wife was about to try the door. Their sixteen year old son, who, though behind his father, could see his mother, came no closer to the subject than this: Q. "[The steward gave] a quite clear gesture that she was to stay on that side of the door? A. Yes, and so she did." The wife herself testified at one point that she went back towards her daughter, away from the door, "and when I turned around, the door had closed upon my husband." She subsequently modified this to say that she had turned to face the door before he started to come through, but at no time did she say that she was herself about to do so. The corridor was only four feet wide. Having in mind that the son testified that the door was "one half closed, or a little more * * * [when] my father threw himself into the narrowing gap," and that the steward placed her several feet beyond at the time, making no apparent motion, I believe the jury could reasonably have found that she was not in apparent physical danger.

The plaintiff could scarcely have thought his wife would desert their seven year old daughter. Equally it might be doubted if he then expected her to undertake a joint passage through a narrowing doorway already but 24 inches, or less, wide. Both she and the son ascribe the plaintiff's sudden action, not to any movement on her part towards the door, but to his seeing a "distraught," or "most unhappy," look on her face. Under such circumstances his purpose could be found to be merely to reassure her, not to save her from injury. If the jury so found, it does not seem to me it must be held entirely unreasonable in concluding that the defendant was not obligated to anticipate anyone's taking such an evident chance for such a relatively slight and temporary purpose. Substantial danger may invite rescue, but I agree with defendant that temporary discomfort does not invite the taking of quite disproportionate risks. However I might have decided the issue myself, having in mind that the burden is on the plaintiff. I cannot say that the jury's failure to ascribe causative negligence to the defendant was clearly wrong. The motion must be denied.

---

1. Plaintiff points to the fact that later in this statement he voiced the opinion that publicity should be given to the incident because "ours and other children might have been below by themselves when the doors were closed." This does not seem to impel the conclusion that the plaintiff, an adult, went through the door in order to forestall his wife, another adult, from so doing.